**Reinhart v. Reinhart**

C.P. of Berks County, no. 05-27 (ID #2).

*Frederick R. Mogel and Scott N. Jacobs*, for plaintiff.
*David S. Sobotka*, for defendant.

SCHMEHL, *J.*, September 30, 2010—On October 1, 2009, the court held a custody trial in this matter. A custody order was issued on October 6, 2009. On November 5, 2009, mother filed a petition for reconsideration which was later withdrawn. On July 20, 2010, mother filed a petition to vacate the October 6, 2009 custody order, to have a new trial granted, and to have the undersigned recuse himself as judge on the case. After holding a conference with counsel and further considering the averments of the petition and response thereto, the court entered an order on August 18, 2010 dismissing the petition with prejudice. Mother has

filed a timely appeal to the order.

Mother's petition complains that Robert W. Gill, Ed.D. performed sexual evaluations and testified as an expert witness despite not being a licensed psychologist, that Andrea W. Sledge, M.S.W. performed custody evaluations and testified as an expert witness without being a licensed social worker, and that the failure of either of these experts to be licensed is after-discovered evidence justifying a new trial. Mother claims that she was unaware that neither expert was licensed until after the trial, when she hired a private investigator who revealed the lack of licensure to her. The private investigator also revealed to her that Dr. Gill was also subject to a consent agreement and order which he entered into with the bureau of professional and occupational affairs whereby he agreed to not hold himself out as a licensed psychologist or represent himself independently as a psychologist.

Mother believes that the information she learned from the private investigator entitles her to a new trial. In her petition, she cites *Commonwealth, ex rel. Myers v. Stern*, 509 Pa. 260, 264, 501 A.2d 1380, 1382 (1985), for the standard by which a new trial may be justified on the basis of after discovered evidence: "the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result." Recognizing that previous counsel[1] stipulated to the expertise of both experts, mother cites to

---

1. Mother has changed her legal counsel repeatedly, most recently retaining one firm for the October 2009 trial, another for reconsideration, and now another for this petition and appeal.

a case which she believes excuses her previous counsel's stipulation to the experts' qualifications because the experts were well known to the court and to members of the bar, no one had any reason to believe their credentials were flawed, and under such circumstances it was reasonable to rely on assertions that the witnesses credentials were accurate. This last argument presupposes that the experts' credentials were indeed flawed.

Applying the facts of this case to each element of the standard by which a new trial should be granted on the basis of after-discovered evidence, it is clear that mother is not so entitled to a new trial. The first element is that the evidence must have been discovered after the trial. For purposes of this opinion, the court can assume that mother learned only after the trial that neither expert was licensed in their respective fields of expertise; however, the court notes the incredibility of such statement given the court's analysis of the second element.

The second element is that the evidence must be such that it could not have been obtained at the trial by reasonable diligence. Certainly mother had the ability to conduct an examination of each expert witness on his or her credentials rather than stipulating to the expertise of each witness. Arguably, mother and her counsel were excused of this reasonable diligence of voir dire on qualifications by the fact that each expert was on the court-approved evaluators list, was well known to the court and members of the bar, and no one had any reason to suspect flawed credentials. The court says "arguably" because the court does not believe the credentials to be flawed. If licensure was a concern to mother, she was on immediate and apparent notice that at least one expert was not licensed.

Ms. Sledge holds herself out as M.S.W. (Master's of Social Work), not L.S.W. (Licensed Social Worker). Dr. Gill holds himself out as Ed.D. (Doctor of Education), not Licensed Psychologist, Doctor of Psychology, etc., and his credentials and the evaluation he performed in this matter are not such as require licensure under the Professional Psychologist Practice Act, 63 P.S. §1201 et seq. With reasonable diligence at any time during the pendency of this matter, mother would have known the experts were not licensed and further that such licensure was and is unnecessary.

Third, the evidence must not be cumulative or merely impeach credibility. At its basest level, mother's argument that these experts could not have given meaningful and meritful reports to the court simply because they were not licensed, or licensed in the so-called appropriate field, and therefore their reports and evaluations cannot be relied upon by the court is an argument designed precisely to impeach the credibility of these experts and their work product. These experts did not need licenses to conduct their evaluations or to know what they were doing. It is clear to the court that Dr. Gill is not required to have a license under the Professional Psychologist Practice Act per the terms of §1203(3), and perhaps even §1203(4) and that Ms. Sledge is not required to have a license under the social workers, marriage, and family therapists and professional counselors act per the express terms of 63 P.S. §1902 ("...this act regulates only those who hold themselves out as licensed social workers...".). Furthermore, a lack of a license does not erase their respective qualifications and in fact, as stated above, they have not held themselves out as being licensed. Their skills and expertise are based

on years of training and experience and hold value and credibility with this court despite the lack of unnecessary licenses.

Fourth, the evidence must be such as would likely compel a different result. Again, there is no requirement that either expert be licensed for the purposes of the evaluations and reports they conducted in this custody matter. Again, licensed or not, they possess the skill sets required of them to do the work they were retained to perform. License or no license, their testimony was credible. In short, the "after discovered evidence" would not compel a different result.

Based on the foregoing, the court determined there was no basis to vacate the October 6, 2009 custody order and grant a new trial. The evidence that mother attacks was credible and properly admitted and as such caused no taint to the undersigned to warrant recusal.

For the foregoing reasons, the court entered its order dismissing mother's petition.